## CALVIN LOMBARD vs. SIMEON PEASE.

Admissions, made within six years, that services had been performed, but that they were paid for, or were rendered in part payment of a debt due, will not prevent the operation of the statute of limitations.

THE case was on a statement of facts, which sufficiently appear in the opinion of the Court.

*D. Goodenow*, for the plaintiff, contended, that the facts show an admission of unsettled demands between the parties; and cited *Baxter* v. *Penniman*, 8 *Mass. R.* 133; *Fisk* v. *Needham*, 11 *Mass. R.* 452; *Lloyd* v. *Maund*, 2 *T. R.* 769; *Davis* v. *Smith*, 4 *Greenl.* 337.

*Jameson*, for the defendant, commented on the language used, and contended, that the case came within the statute, according to the principles established by modern decisions.

The opinion of the Court was delivered on another day in the same term by

SHEPLEY J. — This is an action of *assumpsit* to recover for labor performed for the defendant in the month of *October, 1829*. The suit was commenced on the 23d day of *January*, 1836. The defendant pleaded the statute of limitations; and the plaintiff, to prevent the operation of the statute, proved, that during the winter of 1835-6, the defendant stated to a witness, " that he believed, that he did make a few staves, his workmen told him about two thousand; but that he stole shingle-timber at the same time, to much more than the value of making said staves." Another witness proved, that about five years before the commencement of the suit, " he went to said *Pease* to get payment for making two thousand of staves on *Eli Jackson's* account, that he made with *Calvin Lombard* to the amount of ten dollars, that *Jackson* sent him ; *Pease* said he would not pay one cent ; that he agreed with *Calvin Lombard* to make the staves towards what *Lombard* was owing him, that he set *Lombard* to work, and expected to allow him for all the staves he had made." It is argued for the plaintiff, that the proof shows, that the defendant within six years admitted, that there were mutual and unsettled accounts between the parties ;

and that this case is within the principle, upon which this Court decided the case of *Davis* v. *Smith,* 4 *Greenl.* 337.

In that case the Court say, " it is manifest from inspection, that there was a mutuality of accounts, and that there were charges upon both sides within the period of six years." And it was held, that the operation of the statute of limitations was thereby prevented. The ground of decision is, that " where mutual accounts are relied upon to repel the operation of the statute, it is upon the principle of a new promise, of which the acknowledgement of an unsettled account, implied from new items of credit within six years, is evidence." In this case no services were performed, and no items of charge between the parties exist within six years. The acknowledgement of the defendant is not, that there were mutual accounts ; it is only, that the plaintiff was indebted to him, without stating the manner in which such indebtedness existed ; and it was accompanied by the declaration, that the labor was performed in part satisfaction of such debt. It is not perceived, therefore, that the facts in this case bring it within the principle of the case of *Davis* v. *Smith.* That case relates only to mutual accounts existing between the parties, where there are items in the account of each party within six years ; and it cannot be regarded as embracing a case depending upon declarations or admissions ; or a case where the accounts are not clearly proved to be mutual. The law in relation to admissions made by the party to be charged, must be regarded as settled. " Nothing short of an absolute promise, or a conditional promise accompanied by proof of a performance of the condition, or an unambiguous acknowledgement of the debt as existing and due at the time of such acknowledgement, will save a case from the operation of the statute." 3 *Greenl.* 97, *Perley* v. *Little ;* 4 *Greenl.* 41, *Porter* v. *Hill.*

In the case of *Deshon et al.* v. *Eaton,* 4 *Greenl.* 413, it was decided, that the admission of the existence of unsettled demands between the parties, did not prevent the operation of the statute. The defendant in this case said, he " expected to allow him for all the staves he had made," but that declaration must be considered in connection with the declaration, that the labor was performed " towards what *Lombard* was owing him." The whole conversation is far from showing any admission of present indebtedness ; or

any promise, conditional or otherwise, to pay ; and it does not come within the principle of any of the later decisions.

*Plaintiff nonsuit.*